Mr. Justice Notl\
delivered the opinion of the court.
It is not denied that the plaintiff had a good reversiona-ry interest in the property in question; but the defendant’s counsel appear to have overlooked the fact that the life estate had terminated previous to the commencement of this action. The whole interest therefore being .vested in . the- plaintiff, the three first grounds taken in the brief, must fail. The motion depends upon the following grounds:
1st. There was no evidence that the plaintiff ever had possession of the property.
2nd. It did not appear that the persons who demanded • the property had any authority to make the demand.
3rd. The defendant was not permitted to give the statute of limitations in evidence under the general issue.
. The experience of every day furnishes evidence of the law on the first point. Executors and administrators may maintain trover for property'converted, during the life of their testators on intestates, and consignees for property of which they have never obtained possession. The law adjudges the possession to be in the person who has the right and such constructive possession is sufficient to enable the owner to maintain an action of trover. -The object of the action is to try the right of property, and the object of the demand to afford the person in possession an opportunity fo deliver it up without costs, if he have no claim. But where there is an unlawful conversion, no demand is ne- *430 eessary; and any withholding of the property against the will of the owner is evidence of conversion.
If the defendant had called for the authority to make the demand, and had made the non production of it, the ground of refusal, it would have been a good ground of defence. But it will not avail him when no such objection was made, and particularly after verdict, when the court' art's that the defendant has actually converted the property in, defiance of the plaintiff’s right.
3rd. On the third ground, it is unnecessary to go into any reasoning from analogy. The law is well settled, that ¿he statute of Limitations cannot be given in evidence under the general issue, in an action of trover, but must be specially pleaded.
The motion therefore must be refused.
Justices Johnson, Huger, Gantt and Colcock, concurred.
N. B. The case of Jackson and Jones was decided by . this case.